# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI COLEMAN, | Case No. 1:15-cv-00109 AWI DLB (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| FIGUEROA, et al., | |
| Defendants. | |

Plaintiff Saahdi Coleman ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 22, 2015. He names P. Figueroa (legal librarian), S. Leon (mailroom staff) and Does 1-3 (mailroom staff) as Defendants.

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at the California Correctional Institution. The events at issue occurred while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.

Plaintiff alleges that Defendant Figueroa lost his petition for writ of habeas corpus challenging his 84-years to life criminal sentence. He states that he attempted to obtain a replacement copy from the Sacramento County Superior Court and Court of Appeal. However,

2

1  when the two courts sent instructions on how to obtain a copy, Defendants Leon and Does failed
2  to deliver it to Plaintiff.
3        Plaintiff learned many supporting facts during the litigation of 1:06cv00836 AWI GBC.
4  On January 4, 2011, he filed a request for a subpoena duces tecum to CSATF.  On February 12,
5  2013, Plaintiff received an endorsed copy of his subpoena, which was dated August 23, 2011.
6  Because Plaintiff had been transferred, he received the documents via "re-route mail."  ECF No. 1,
7  at 6.
8        Specifically, Plaintiff contends that the documents show that on May 23, 2006, he
9  submitted a paging request to submit his habeas petition directly to Defendant Figueroa in
10 accordance with the memo issued by Defendant Figueroa regarding paging requests during
11 lockdowns.  ECF No. 1, at 6.  Two weeks later, Plaintiff was informed that his only copy had been
12 lost.  Plaintiff filed an inmate appeal on June 13, 2006.  He also filed requests with the courts to
13 obtain replacement copies of his petition.  He explains that the petition that was lost was the same
14 as the petitions filed in those courts, so a replacement would have allowed him to immediately
15 continue the exhaustion of his state remedies.
16       On July 5, 2006, Defendant Figueroa responded to Plaintiff's appeal, stating that the law
17 library did not have any way of finding his legal documents "that never made it to the law library."
18 ECF No. 1, at 6.  Plaintiff was also told that his petition was lost because he did not follow the
19 correct paging system procedures.
20       Plaintiff eventually obtained enough documents to put together another petition, but it took
21 179 days.  On March 5, 2008, the Attorney General filed a motion to dismiss.  In support of the
22 motion, they submitted Defendant Figueroa's statement contained in the inmate appeal.  On
23 December 15, 2008, the court dismissed Plaintiff's petition based on Defendant Figueroa's
24 statements, and because Plaintiff could have submitted it sooner than 179 days after the original
25 petition.
26       Plaintiff contends that Defendant Figueroa lied because the documents he received from
27 his subpoena show that Defendant Figueroa received the documents on May 23, 2006.  He also
28 contends that the Sacramento County Superior Court and Court of Appeal sent letters to Plaintiff

explaining how to obtain copies, but the mail chronos were mishandled by Defendants Leon and Does.[1]

**C.      DISCUSSION**

      1.      Access to the Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Actual injury is "actual prejudice with respect to contemplated or existing litigation." Greene, 648 F.3d at 1018 (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012).

*Defendant Figueroa*

Plaintiff alleges that Defendant Figueroa lied when he told Plaintiff that he had not received his habeas petition through the paging system. As a result, Plaintiff did not have any additional copies and could not refile his petition until 179 days later. Ultimately, the court granted the Attorney General's motion to dismiss and dismissed his petition as untimely.

Plaintiff's claim against Defendant Figueroa is not sufficient to support a causal connection between his alleged actions and the dismissal of Plaintiff's habeas petition. Even assuming that Defendant Figueroa lied about not receiving Plaintiff's habeas petition in June 2006, there is no indication that he was the proximate cause of the dismissal in 2008. Plaintiff's allegation is little more than speculation. As support, he cites a Facility "C" Legal Material Request Form in which requests that copies of his petition and exhibits be made. ECF No. 1, at 14. The bottom portion of the form is a Trust Account Withdrawal Order. That portion is

---

[1] According to Plaintiff's exhibits, the letters were dated June 19, 2006, and August 4, 2006.

4

stamped "Received" with a date of May 23, 2006. It also includes an illegible signature approving the trust account withdrawal for the copies. There is no indication, however, that (1) Defendant Figueroa signed the document; or (2) Defendant Figueroa received any copies. In fact, under the top portion of the form where Plaintiff lists his requested copies, there is a space for "Library Clerk Initial" and "Date Order Filled." Both are left blank.

Based on this record, Plaintiff has not alleged "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 668. That is, Plaintiff has not alleged more than a "sheer possibility" that Defendant Figueroa acted unlawfully by lying and losing his habeas petition.

Additionally, Defendant Figueroa does not appear to have had anything to do with the length of time it took Plaintiff (179 days), to gather sufficient information to refile his petition. Plaintiff states that one of the two reasons that his petition was dismissed was because the court determined that 179 days was too long given the similarities of the previously filed petitions.

*Defendants Leon and Does*

As to Defendants Leon and Does, both mailroom staff, he alleges that they mishandled the letters from the courts explaining how to receive replacement copies. Plaintiff contends that he did not receive the letters, and that as a result, he was prevented from receiving a replacement copy in a timely manner.

Again, Plaintiff's claims against Defendants Leon and Does are too speculative to sufficiently connect them to the alleged injury. Plaintiff suggests that they "mishandled" the letters from the courts, but he provides nothing to support his statement. For example, he does not state when he actually received the letters, or why he believes that these Defendants had any involvement. In his inmate appeal, he states that mailroom staff "suppressed" the letters. ECF No. 1 at 13. He also cites a "mishandled mail chrono with Defendant S. Leon's name on it," but the Court could not locate such a document.[2]

Additionally, there is no indication that Plaintiff was prevented from resubmitting the requests to the court after he discovered that he had not received a response. Similarly, as the

---

[2] Some of Plaintiff's exhibits are very difficult to read.

1 Court noted above, there is no indication that Defendants Leon and Does in any way contributed
2 to the 179 days that it took Plaintiff to allegedly gather the necessary documents to refile his
3 petition.
4    For these reasons, Plaintiff fails to state a claim against any Defendant for denial of access
5 to the courts.  He will be permitted to amend.
6    2.    State Law Claims
7    Plaintiff reference state law claims in his pleading, but he does not state the nature of those
8 claims.  In an attached letter to the California Government Tort Claims Board, he describes his
9 injury as being "defrauded out of [his] criminal appeal," and he believes that prison staff
10 committed criminal acts against him.  ECF No. 1, at 36.  Without sufficient information, the Court
11 cannot adequately screen his claim.
12     The "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental jurisdiction
13 may only be invoked when the district court has the hook of original jurisdiction on which to hang
14 it."  Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).  Plaintiff
15 may amend this claim, but he is notified that if he fails to allege a viable federal claim in his
16 amended complaint, the Court will not exercise supplemental jurisdiction over his state law claim,
17 even if he cures the deficiencies and states a claim.  28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of
18 Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013); Herman Family Revocable Trust, 254 F.3d at 805.

19 **D.    CONCLUSION AND ORDER**

20    Plaintiff's complaint does not state any cognizable claims against any Defendants.
21    Plaintiff has not previously been provided with notice of the deficiencies in his claims and
22 the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes,
23 in good faith, he can cure the identified deficiencies.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13
24 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809
25 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit
26 by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607
27 (7th Cir. 2007).
28

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of respondeat superior, <u>Iqbal</u>, 556 U.S. at 676-77; <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order;
4. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **June 25, 2015**                       /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE

7