# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI COLEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>FIGUEROA, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:15-cv-00109 AWI DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS FINDING COGNIZABLE CLAIM AND DISMISSING REMAINING CLAIMS AND DEFENDANTS<br><br>THIRTY-DAY DEADLINE |

Plaintiff Saahdi Coleman ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 22, 2015. Pursuant to Court order, he filed a First Amended Complaint on September 11, 2015. He names P. Figueroa (legal librarian), S. Leon (mailroom staff) and Does 1-3 (mailroom staff) as Defendants.

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at California State Prison, Sacramento. The events at issue occurred while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.

Plaintiff alleges that in January 2006, a jailhouse lawyer completed his state petition for writ of habeas corpus challenging his criminal conviction. He was told that he had to file his petition in three state courts to exhaust his state remedies. Plaintiff contacted the law library for

copies, and Defendant Figueroa told Plaintiff that he was only allowed one copy of the petition due to his indigent status. Defendant Figueroa also provided Plaintiff with a letter to the court explaining this restriction.

Plaintiff obtained his copy from Defendant Figueroa and copied portions of the petition himself. Plaintiff mailed the personal copy to his friend for copying, retained the original copy he made and sent the copy he obtained from Defendant Figueora to the Sacramento County Superior Court on January 11, 2006.

On February 21, 2006, the court denied the petition as untimely. On March 20, 2006, Plaintiff filed a motion for reconsideration. On April 11, 2006, the motion was granted and the petition was denied on the merits.

Plaintiff then changed the cover page of his petition to reflect the California Court of Appeals and contacted Defendant Figueroa to obtain a copy. The request was granted and Plaintiff filed his petition in the California Court of Appeal on May 10, 2006. The petition was denied without comment on May 18, 2006.

Plaintiff explains that when an inmate submitted a "legal material" or "paging system" request, procedure required the law librarian to check the documents submitted to ensure that they met the criteria for legal material. The law librarian then signs and dates the Trust Account Withdrawal portion of the request form approving the order.

From 2004 through 2006, Defendant Figueroa was the sole law librarian for C-Facility, where Plaintiff was housed, and was therefore the only person who could approve "legal material" or "paging system" requests. Every request submitted during this time was personally completed, processed, signed and dated by Defendant Figueroa. Defendant Figueora was also responsible for posting memorandums and therefore knew of the exhaustion requirement under the PLRA.

On May 23, 2006, CSATF was placed on lockdown and all inmates in C-Facility were confined to their cells. Without inmate workers, Defendant Figueora would be the sole party responsible for processing requests. Defendant Figueroa instructed inmates to submit their paging system requests through institutional mail or their building officers, who would then deliver the requests to the law library.

3

On May 23, 2006, Plaintiff changed the cover page of his petition to reflect the California Supreme Court and submitted a paging system request to his building officer for forwarding to the law library.

Plaintiff contends that his only copy of his petition was lost during this paging system request. On June 13, 2006, Plaintiff submitted an appeal requesting that his documents be found.

Given that Plaintiff had only changed the cover page, Plaintiff wrote letters on June 13, 2006, to the Sacramento County Superior Court and the Court of Appeal requesting a copy of his petition, or instructions on how to obtain a copy. Plaintiff did not receive a response from either court, so he filed three additional requests with the Sacramento County Superior Court on June 22, 2006, August 17, 2006, and November 11, 2006.

Also in June 2006, Plaintiff tried to contact a friend to obtain a copy. He also tried to locate evidence to help him recreate the petition.

On July 5, 2006, Defendant Figueroa responded to Plaintiff's appeal and explained that the law library did not have any way to find lost legal documents that never made it to the law library. Plaintiff filed a request for interview with the warden on July 21, 2006, but he did not receive a response.

In August 2006, Plaintiff received a letter containing an eyewitness affidavit. The envelope indicated that the letter was received by the prison mailroom in December 2005, and Plaintiff alleges that the letter was held by Defendants Leon and Does for over eight months. This letter also informed Plaintiff that the friend to whom he had sent the petition for copying in January 2006 was dead. Had Plaintiff received the letter in December 2005, he would not have sent the petition for copying in 2006.

Plaintiff ultimately received copies of portions of his petition in November 2006. Plaintiff completed the missing portion of his petition by hand and filed it on November 14, 2006.

On January 19, 2007, Plaintiff filed his federal petition, along with a request for equitable tolling. On December 15, 2008, the court granted Respondents' motion to dismiss based on the 179-day delay between the California Court of Appeal denial and filing in the California Supreme Court.

In December 2008, after Plaintiff was transferred to Folsom State Prison, a flood in his cell destroyed his legal property.

In September 2010, Plaintiff received replacement copies of the appeals filed at CSATF. However, they were incomplete because they were missing the Second and Third Level responses and exhibits. Plaintiff needed complete copies as evidence in his pending civil case, 1:06-cv-00836 AWI SAB.

On September 9, 2010, Plaintiff requested complete copies of his appeals from the appeals coordinator at CSATF. He never received a response.

Plaintiff sent a subpoena to CSATF on January 4, 2011, requesting copies of the appeals. In September 2011, Plaintiff was transferred to High Desert State Prison. He had not received a response to his subpoena.

Plaintiff filed a request for a formal subpoena in this Court on November 8, 2011.

On February 12, 2013, Plaintiff received an endorsed copy of his January 4, 2011, subpoena, along with replacement copies of all appeals filed at CSATF and additional documents related to the appeals.

Plaintiff contends that the related documents, which include a May 23, 2006, legal material request form signed by Defendant Figueora,[1] were never given to him, and this establishes (1) that Defendants were responsible for the loss of the petition and delay of replacement copies; and (2) Plaintiff was "defrauded" out of a fair habeas corpus proceeding. ECF No. 20, at 12.

Plaintiff contends that the injury in this action is the dismissal of his federal habeas petition in December 2008. In the dismissal order, the Court ruled that Plaintiff was not entitled to equitable tolling for the 179-days it took him to file his petition with the California Supreme Court because (1) he could have easily recreated the petition with the copy of the petition he filed with the California Court of Appeals; and (2) the alleged loss of the petition by prison officials did not

///

---

[1] Plaintiff lists the other documents as June 2006 letters to the California Court of Appeals and California Supreme Court, a June 2006 response from the Sacramento County Superior Court, an August 2006 response from the California Court of Appeals, a June 2006 mishandled mail chrono, an August 2006 memo from the associate warden and paging system modification orders.

justify the delay because Plaintiff's own failure to follow the procedures for obtaining copies contributed to the loss of the petition.

Plaintiff explains that Defendant Figueroa submitted a statement in support of Respondents' motion to dismiss his federal petition in which he indicated that Plaintiff had not followed the proper procedure for sending legal documents to the law library.  Plaintiff contends that Defendant Figueroa provided 2004 procedures to the court as exhibits, despite knowing that he changed the procedures in 2005, prior to the time Plaintiff's petition was lost.

Plaintiff contends that on May 23, 2006, he followed the procedures set out by Defendant Figueora in 2005.  Plaintiff therefore concludes that Defendant Figueora caused Plaintiff's injury because he provided false paging system procedures to the court.  He also alleges that his actions were compounded by his false statement that he never received the documents (as his signature is on the May 23, 2006, legal material request form).

Next, Plaintiff contends that Defendants Leon and Doe violated Plaintiff's right to communicate with the courts and his right to send and receive mail.  Plaintiff believes that he did not receive responses to his June 2006 requests to the courts for replacement copies because Defendants Leon and Doe "withheld/suppressed" his mail.  ECF No. 20, at 16.  Plaintiff explains that Defendants Leon and Doe are responsible for processing all mail, and are the only means by which an inmate can send and receive mail.  He cites a mishandled mail chrono authored by Defendant Leon on June 23, 2006, with instructions from the Sacramento County Superior Court on how to obtain copies from the court.  Plaintiff alleges that Defendant Leon never delivered either the chrono or the instructions.  Plaintiff received a copy of the documents through his subpoena.  Plaintiff believes that had he received the instructions, he could have obtained a copy of his lost petition as early as June 2006.  He alleges that their actions caused the 179-day delay and resulted in a denial of statutory tolling.

**C.    DISCUSSION**

1.    Access to the Courts

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir.

6

2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Actual injury is "actual prejudice with respect to contemplated or existing litigation." Greene, 648 F.3d at 1018 (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012).

*Defendant Figueroa*

In the prior screening order, the Court explained that Plaintiff had failed to set forth sufficient facts to show that Defendant Figueroa was the proximate cause of the dismissal of his habeas petition.

In amending, Plaintiff has provided additional facts in an attempt to support a causal connection. He contends that Defendant Figueora provided false information to the federal court, which ultimately led to the dismissal of his petition as untimely in December 2008. At the screening stage, the Court finds that Plaintiff's allegations are sufficient to state a denial of access claim against Defendant Figueroa.[2]

*Defendants Leon and Does*

As to Defendants Leon and Does, both mailroom staff, Plaintiff alleges that they mishandled the letters from the courts explaining how to receive replacement copies. In support, Plaintiff cites a June 23, 2006, mishandled mail chrono signed by Defendant Leon. He contends that had he received the courts' instructions on how to obtain copies in June 2006, he could have received copies much earlier. He also contends that they withheld a December 2005 letter for eight months, and had he received the letter earlier, he wouldn't have encountered such a delay in obtaining copies of his petition.

///

---

[2] Plaintiff will be instructed on service if and when these Findings and Recommendations are adopted.

7

Although Plaintiff has corrected the deficiency as to Defendant Figueora, the causal connection between the actions of Defendants Leon and Does and the denial remains too speculative. Plaintiff suggests that they withheld mail, but there is nothing to suggest that they were the ones responsible for the delay. While Defendant Leon signed the mishandled mail chrono on June 23, 2006, there are no facts to connect him with the actual alleged failure to deliver the June 2006 mail.

Similarly, although Plaintiff contends that Defendants Leon and Does withheld a December 2005 letter for eight months, he again fails to connect either of them to the failure to deliver the letter. Plaintiff suggests that they must be responsible because they are tasked with handling *all* mail, but this contention is both speculative and unlikely.

2.   Adequate Legal Assistance

Inmates do not have the right to a law library or legal assistance. Lewis, 518 U.S. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.

Plaintiff therefore fails to state a claim against Defendant Figueroa based on his actions related to the law library.

3.   Right to Send and Receive Mail

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Prison regulations relating to the regulation of incoming mail are analyzed under the Turner reasonableness standard set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987). Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). The regulation is valid if it is reasonably related to legitimate penological interests. Turner, 482 U.S. at 89. In determining the reasonableness of the regulation, court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the

///

impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." Turner, 482 U.S. at 89-90.

Plaintiff appears to allege that Defendants Leon and Does violated his right to receive mail based on his contention that they withheld December 2005 and June 2006 mail. However, as explained above, Plaintiff's allegations that Defendants Leon and Does were responsible for the delays and/or withholding are too speculative to support a claim.

Moreover, isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of Plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).

Plaintiff therefore fails to state a claim against Defendants Leon and Does for violation of his right to receive mail.

4. Due Process

Plaintiff alleges that Defendant Figueroa violated his right to due process during his habeas proceeding by providing false information, and that Defendants Leon and Does permitted this to occur by suppressing documents. Whether Plaintiff's habeas action was procedurally adequate, however, is not a proper claim in this section 1983 action. Such a claim must be raised in a direct attack on the habeas proceedings.

Plaintiff therefore fails to state any type of due process claim.

5. State Law Claims

Finally, Plaintiff contends that Defendants violated certain sections of the California Penal Code, the Department of Operations Manual and the California Code of Regulations.

However, Plaintiff may not sue Defendants for violation of the penal code, see Gonzaga University v. Doe, 536 U.S. 273, 283-86, 122 S.Ct. 2268 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); see also Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes), and the Court is unaware of any authority for the proposition that there exists a private right of

9

action available to Plaintiff for violation of Title 15 regulations or the Department of Operations Manual. Parra v. Hernandez, 2009 WL 3818376, at *8 (S.D.Cal. 2009); Davis v. Kissinger, 2009 WL 256574, at *12 n.4 (E.D.Cal. 2009), adopted in full, 2009 WL 647350 (2009).

Plaintiff therefore fails to state any claim under state law against any Defendant.

### D.   FINDINGS AND RECOMMENDATIONS

Based on the above, the Court finds that this action should PROCEED on Plaintiff's denial of access to the courts claim against Defendant Figueroa. All remaining claims, and Defendants Leon and Does, should be DISMISSED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **January 26, 2016**              /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE