# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI COLEMAN, | Case No. 1:15-cv-00109 AWI DLB (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| FIGUEROA, et al., | (Doc. 23) |
| Defendants. | |

Plaintiff Saahdi Coleman ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 22, 2015. Pursuant to Court order, he filed a First Amended Complaint on September 11, 2015. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 26, 2016, the Magistrate Judge issued Findings and Recommendations that the action proceed on the cognizable claims, and that the remaining claims and Defendants be dismissed. The Findings and Recommendations were served on Plaintiff and contained notice that any objections must be filed within thirty days. Plaintiff filed objections on March 31, 2016.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's

///

objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Plaintiff objects to the Magistrate Judge's finding that the causal connection between Defendants Leon and Does 1-3 and the alleged violation was too speculative.  The Magistrate Judge explained that although Plaintiff alleged that they withheld mail, he presented no facts to support a finding that they were responsible for the delay and/or connected to an actual failure to deliver the mail.  Plaintiff explains that Defendant Leon received his legal mail in December 2005, but there is no corresponding entry in the mail log indicating that the mail had been forwarded to a legal mail officer for delivery.  As a result, Plaintiff concludes that Defendant Leon must be responsible for the delay.[1]  Plaintiff made a similar argument in his First Amended Complaint.

His contentions continue to be little more than speculation, however, and do not support a sufficient causal connection.  Plaintiff has not alleged "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 668, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  That is, Plaintiff has not alleged more than a "sheer possibility" that Defendants acted unlawfully.  *See id*.

Plaintiff also objects to the Court's determination that he could not state a claim under California law based on certain sections of the California Penal Code, the Department of Operations Manual and the California Code of Regulations.  He now argues that he cited these regulations and statutes to show that Defendants' actions were illegal and outside the scope of their authority, and that liability can be imposed under California Government Code sections 810, *et seq*.  Specifically, Plaintiff contends that Defendants are liable for their failure to perform their ministerial duties.

In Claim 3 of Plaintiff's First Amended Complaint, he stated that Defendants violated "clearly established state law; specifically, the Penal Code, Department Operation Manual ("DOM") and the California Code of Regulations."  ECF No. 20, at 22.  Based on Plaintiff's

---

[1] Plaintiff also references the declaration of Correctional Officer Williand and a court order, both allegedly documenting the fact that Plaintiff had not been receiving his mail.  The documents do not appear to be attached to his First Amended Complaint.  Regardless, these documents would not establish that Defendants Leon and/or Does were responsible for the failure to deliver mail.

description of his claim, the Magistrate Judge correctly determined that he could not state a claim for relief under any of these statutes and/or regulations.  To the extent that Plaintiff now wishes to allege a negligence claim under the Tort Claims Act, the Court's screening decisions are based on the allegations in the First Amended Complaint, and Plaintiff cannot now expand his allegations.

In any event, the only claim remaining in this action is Plaintiff's contention that Defendant Figueroa provided false information to the court, which ultimately led to the dismissal of his habeas petition.  Plaintiff now argues for a state law claim based on his belief that Defendant failed to perform a ministerial duty, though interactions with a court are not "ministerial duties" within the meaning of Government Code section 820.2.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed January 26, 2016, are adopted in full;
2. This action go forward on the First Amendment denial of access to the courts claim against Defendant Figueroa; and
3. All remaining claims and Defendants Leon and Does1-3 are DISMISSED from this action.

IT IS SO ORDERED.

Dated:  April 7, 2016                    _____
                                          SENIOR  DISTRICT  JUDGE

3