UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI ABDUL COLEMAN,<br><br>          Plaintiff,<br><br>     v.<br><br>P. FIGUEROA,<br><br>          Defendant. | 1:15-cv-00109-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE DENIED<br>(ECF NO. 32)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Saahdi Abdul Coleman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's First Amended Complaint, filed on September 11, 2015. (ECF No. 20). Plaintiff's First Amended Complaint was screened and found to state a cause of action against Defendant Figueroa based on a violation of the First Amendment for denial of access to the courts. (ECF Nos. 23, 27). In allowing the claim to go forward, the Magistrate Judge and subsequently the District Judge relied on allegations that Defendant Figueroa had falsely stated that Plaintiff's copy of his habeas petition had never been received by Defendant Figueroa (the sole law librarian for C-Facility during the relevant time period), and that the federal habeas court relied on that false statement in dismissing Plaintiff's habeas petition as time-barred.

Defendant Figueroa's motion to dismiss, filed July 18, 2016, is now before the Court. (ECF No. 32). Defendant Figueroa argues that Plaintiff's First Amended complaint fails to state the claim that was found cognizable by the Court in screening, because Defendant

Figueroa's actions are not sufficiently connected to the dismissal of Plaintiff's habeas petition, and because the claim is barred by the applicable statute of limitations.

## I.     PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff filed his original complaint on January 22, 2015. (ECF No. 1). Magistrate Judge Dennis L. Beck[1] screened Plaintiff's complaint and dismissed it with leave to amend. (ECF No. 13). Plaintiff filed his First Amended Complaint on September 11, 2015. (ECF No. 20). In the First Amended Complaint, Plaintiff alleges the following.

In January 2006, a jailhouse lawyer at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, completed Plaintiff's state petition for a writ of habeas corpus challenging his criminal conviction. Plaintiff was told that he had to file his petition in three state courts to exhaust his state remedies. Plaintiff contacted the law library for copies, and Defendant Figueroa told Plaintiff that he was only allowed one copy of the petition due to his indigent status. Defendant Figueroa also provided Plaintiff with a letter to the court explaining this restriction.

Plaintiff obtained his copy from Defendant Figueroa and copied portions of the petition himself. Plaintiff mailed the personal copy to his friend for copying, retained the original copy he made and sent the copy he obtained from Defendant Figueroa to the Sacramento County Superior Court on January 11, 2006.

On February 21, 2006, the court denied the petition as untimely. On March 20, 2006, Plaintiff filed a motion for reconsideration. On April 11, 2006, the motion was granted and the petition was denied on the merits.

Plaintiff then changed the cover page of his petition to reflect the California Court of Appeals and contacted Defendant Figueroa to obtain a copy. The request was granted and Plaintiff filed his petition in the California Court of Appeal on May 10, 2006. The petition was denied without comment on May 18, 2006.

Plaintiff explains that when an inmate submitted a "legal material" or "paging system"

---

[1] Magistrate Judge Beck was the magistrate judge assigned to the case until his retirement on September 8, 2016. (ECF No. 35)

2

request, procedure required the law librarian to check the documents submitted to ensure that they met the criteria for legal material. The law librarian then signs and dates the Trust Account Withdrawal portion of the request form approving the order.

From 2004 through 2006, Defendant Figueroa was the sole law librarian for C-Facility, where Plaintiff was housed, and was therefore the only person who could approve "legal material" or "paging system" requests. Every request submitted during this time was personally completed, processed, signed and dated by Defendant Figueroa. Defendant Figueroa was also responsible for posting memorandums and therefore knew of the exhaustion requirement under the PLRA.

On May 23, 2006, CSATF was placed on lockdown and all inmates in C-Facility were confined to their cells. Without inmate workers, Defendant Figueora would be the sole party responsible for processing requests. Defendant Figueroa instructed inmates to submit their paging system requests through institutional mail or their building officers, who would then deliver the requests to the law library.

On May 23, 2006, Plaintiff changed the cover page of his petition to reflect the California Supreme Court and submitted a paging system request to his building officer for forwarding to the law library. Plaintiff contends that his only copy of his petition was lost during this paging system request. On June 13, 2006, Plaintiff submitted an appeal requesting that his documents be found.

Given that Plaintiff had only changed the cover page, Plaintiff wrote letters on June 13, 2006, to the Sacramento County Superior Court and the Court of Appeal requesting a copy of his petition, or instructions on how to obtain a copy. Plaintiff did not receive a response from either court, so he filed three additional requests with the Sacramento County Superior Court on June 22, 2006, August 17, 2006, and November 11, 2006.

Also in June 2006, Plaintiff tried to contact a friend to obtain a copy. He also tried to locate evidence to help him recreate the petition.

On July 5, 2006, Defendant Figueroa responded to Plaintiff's appeal and explained that the law library did not have any way to find lost legal documents that never made it to the law

3

library. Plaintiff filed a request for interview with the warden on July 21, 2006, but he did not receive a response.

In August 2006, Plaintiff received a letter containing an eyewitness affidavit. The envelope indicated that the letter was received by the prison mailroom in December 2005, and Plaintiff alleges that the letter was held by mailroom staff for over eight months. This letter also informed Plaintiff that the friend to whom he had sent the petition for copying in January 2006 was dead. Had Plaintiff received the letter in December 2005, he would not have sent the petition for copying in 2006.

Plaintiff ultimately received copies of portions of his petition in November 2006. Plaintiff completed the missing portion of his petition by hand and filed it on November 14, 2006.

On January 19, 2007, Plaintiff filed his federal petition, along with a request for equitable tolling. On December 15, 2008, the court granted Respondents' motion to dismiss based on the 179-day delay between the California Court of Appeal denial and filing in the California Supreme Court. In December 2008, after Plaintiff was transferred to Folsom State Prison, a flood in his cell destroyed his legal property.

In September 2010, Plaintiff received replacement copies of the appeals filed at CSATF. However, they were incomplete because they were missing the Second and Third Level responses and exhibits. Plaintiff needed complete copies as evidence in his pending civil case, 1:06-cv-00836-AWI-SAB.

On September 9, 2010, Plaintiff requested complete copies of his appeals from the appeals coordinator at CSATF. He never received a response.

Plaintiff sent a subpoena to CSATF on January 4, 2011, requesting copies of the appeals. In September 2011, Plaintiff was transferred to High Desert State Prison. He had not received a response to his subpoena.

Plaintiff filed a request for a formal subpoena in this Court on November 8, 2011.

On February 12, 2013, Plaintiff received an endorsed copy of his January 4, 2011, subpoena, along with replacement copies of all appeals filed at CSATF and additional

documents related to the appeals.

Plaintiff contends that the related documents, which include a May 23, 2006, legal material request form signed by Defendant Figueroa,[2] were never given to him, and this establishes (1) that Defendants were responsible for the loss of the petition and delay of replacement copies; and (2) that Plaintiff was "defrauded" out of a fair habeas corpus proceeding.

Plaintiff contends that the injury in this action is the dismissal of his federal habeas petition in December 2008. In the dismissal order, the court ruled that Plaintiff was not entitled to equitable tolling for the 179-days it took him to file his petition with the California Supreme Court because (1) he could have easily recreated the petition with the copy of the petition he filed with the California Court of Appeals; and (2) the alleged loss of the petition by prison officials did not justify the delay because Plaintiff's own failure to follow the procedures for obtaining copies contributed to the loss of the petition.

Plaintiff explains that Defendant Figueroa submitted a statement in support of Respondents' motion to dismiss his federal petition in which he indicated that Plaintiff had not followed the proper procedure for sending legal documents to the law library. Plaintiff contends that Defendant Figueroa provided 2004 procedures to the court as exhibits, despite knowing that he changed the procedures in 2005, prior to the time Plaintiff's petition was lost.

Plaintiff further contends that on May 23, 2006, he followed the procedures set out by Defendant Figueroa in 2005. Plaintiff therefore concludes that Defendant Figueroa caused Plaintiff's injury because he provided false paging system procedures to the court. Plaintiff also alleges that Defendant Figueroa's actions were compounded by his false statement that he never received the documents (as his signature is on the May 23, 2006, legal material request form).

///

---

[2] Plaintiff lists the other documents as June 2006 letters to the California Court of Appeals and California Supreme Court, a June 2006 response from the Sacramento County Superior Court, an August 2006 response from the California Court of Appeals, a June 2006 mishandled mail chrono, an August 2006 memo from the associate warden and paging system modification orders.

## II. SCREENING ORDERS LIMITING PLAINTIFF'S FIRST AMENDED COMPLAINT

Magistrate Judge Beck screened Plaintiff's First Amended Complaint on January 26, 2016, and recommended that "this action should PROCEED on Plaintiff's denial of access to the courts claim against Defendant Figueroa." (ECF No. 23, p. 10). Regarding that claim, the Court stated:

> In the prior screening order, the Court explained that Plaintiff had failed to set forth sufficient facts to show that Defendant Figueroa was the proximate cause of the dismissal of his habeas petition.
>
> In amending, Plaintiff has provided additional facts in an attempt to support a causal connection. He contends that Defendant Figueroa provided false information to the federal court, which ultimately led to the dismissal of his petition as untimely in December 2008. At the screening stage, the Court finds that Plaintiff's allegations are sufficient to state a denial of access claim against Defendant Figueroa.

(ECF No. 23, p. 7).

The District Court adopted the Findings and Recommendations on April 8, 2016, stating in relevant part, "the only claim remaining in this action is Plaintiff's contention that Defendant Figueroa provided false information to the court, which ultimately led to the dismissal of his habeas petition." (ECF No. 27, p. 3).

## III. LEGAL STANDARDS

### a. Motion to Dismiss

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In addition, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. Haines v.

Kerner, 404 U.S. 519, 520 (1972).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236 (1974).

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556) (rejecting the traditional 12(b)(6) standard set forth in Conley, 355 U.S. at 45-46). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Gumataotao v. Dir. of Dep't of Revenue & Taxation, 236 F.3d 1077, 1083 (9th Cir. 2001).

### b. Claim for Denial of Access to the Courts

Under the First and Fourteenth Amendments to the Constitution, state inmates have a

"'fundamental constitutional right of access to the courts.'" <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996) (quoting <u>Bounds v. Smith</u>, 430 U.S. 817 (1977)); <u>Phillips v. Hust</u>, 477 F.3d 1070, 1075 (9th Cir. 2007), <u>overruled on other grounds by</u> <u>Hust v. Phillips</u>, 555 U.S. 1150 (2009). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. <u>Lewis</u>, 518 U.S. at 354.

To have standing to bring this claim, plaintiff must allege he suffered an actual injury. <u>Lewis</u>, 518 U.S. at 351-52; <u>Vandelft v. Moses</u>, 31 F.3d 794, 798 (9th Cir. 1994). To succeed, a prisoner must have been denied the necessary tools to litigate a nonfrivolous claim attacking a conviction, a sentence, or conditions of confinement. <u>Christopher</u>, 536 U.S. at 415; <u>Lewis</u>, 518 U.S. at 353 & n.3. To state a claim of denial of access to the courts, Plaintiff must allege that he suffered an actual injury. This means Plaintiff must allege that he was prejudiced with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a nonfrivolous claim. <u>Lewis</u>, 518 U.S. at 349.

Plaintiff need not show that he would have been successful on the merits of his claims, but only that they were not frivolous. <u>Allen v. Sakai</u>, 48 F.3d 1082, 1085 & n.12 (9th Cir. 1994). A claim "is frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke</u>, 490 U.S. at 325. The Ninth Circuit has emphasized that "[a] prisoner need not show, ex post, that he would have been successful on the merits had his claim been considered. To hold otherwise would permit prison officials to substitute their judgment for the courts' and to interfere with a prisoner's right to court access on the chance that the prisoner's claim would eventually be deemed frivolous." <u>Allen</u>, 48 F.3d at 1085 (footnote omitted).

To properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." <u>Christopher</u>, 536 U.S. at 417-18 (footnote omitted).

///

///

## IV. WHETHER PLAINTIFF HAS ALLEGED SUFFICIENT CONNECTION BETWEEN DEFENDANT FIGUEROA'S ACTIONS AND HIS INJURY

Defendant's motion to dismiss asks the Court to reconsider its finding that Plaintiff stated a claim for denial of access to the courts on the basis that Plaintiff's First Amended Complaint does not plead facts showing that Defendant Figueroa's false statement was the cause of the dismissal of Plaintiff's habeas petition.

Defendant's first argument on this point is that Defendant Figueroa was not the respondent in Plaintiff's habeas case so did not personally file any false statement in Plaintiff's habeas proceeding. Instead, Plaintiff's allegations only show that Defendant Figueroa made a false statement in writing, which was then filed by the warden in Plaintiff's habeas case in support of the warden's motion to dismiss. Because Defendant Figueroa did not personally file his statement with the Court, he argues that his action in allegedly losing Plaintiff's copy of the petition and then writing falsely that he never received the petition is not sufficiently connected to the court's ultimate dismissal of Plaintiff's habeas petition.

This Court disagrees. Plaintiff has alleged that Defendant Figueroa lost Plaintiff's copy of the petition, and then stated in writing that the law library cannot locate documents that had not been sent to the law library (implying that Plaintiff had not in fact send documents to the law library). Plaintiff alleges that the statement was false because records Plaintiff received years later demonstrate that Plaintiff's document was received by the law library. That false statement was submitted to the Court in support of a motion to dismiss Plaintiff's habeas petition. Moreover, the Court relied on that allegedly false information in dismissing Plaintiff's habeas petition by finding that Plaintiff was not entitled to equitable tolling in part because he failed to follow prison procedures. These facts are sufficient to establish a non-speculative connection between Defendant's actions and the dismissal of Plaintiff's habeas petition to state a claim.

Defendant's argument appears to rest on language in the Court's screening order that upheld the claim based on the Plaintiff's allegations that "Defendant Figueora provided false information to the federal court." Defendant argues that he did not actually provide

information to the court directly because it was the warden of the prison who was respondent in the petition and caused the allegedly false statement to be filed. While the Court may have been slightly inaccurate in its description of Defendant Figueroa's involvement in the filing of the document, that inaccuracy does not change the Court's analysis. The issue concerned whether there was a causal connection between Defendant Figueroa's false statement and the dismissal of Plaintiff's petition, and the fact that the habeas court relied on Defendant Figueroa's allegedly false statement in dismissing Plaintiff's claim establishes that causal connection regardless of whether Defendant Figueroa was the one who actually filed that statement with the Court.

Defendant next argues that Plaintiff has not alleged a sufficient connection between Defendant Figueroa's actions and dismissal of Plaintiff's habeas petition because the Court that dismissed the petition noted that Plaintiff "could have easily recreated the petition he wanted to file in the California Supreme Court after the petition he sent for copying was allegedly lost by prison officials." This Court finds that such a statement does not remove the connection between Defendant Figueroa's actions and the dismissal, based on allegations in the amended complaint. Plaintiff's allegations are sufficient to support that Plaintiff was prejudiced by Defendant Figueroa losing Plaintiff's petition and then falsely claiming it was never sent to the library. Indeed, Plaintiff alleges at length why Defendant Figueroa's loss of his copy prevented his timely filing, and then how Defendant Figueroa's false statement prevented a finding of equitable tolling. This Court is not bound by the habeas court's speculation that Plaintiff could have recreated the petition without any loss in time. For purposes of the motion to dismiss, it is only necessary to find that Plaintiff has alleged sufficient facts to infer that Defendant's actions prejudiced his non-frivolous habeas claim, which this Court finds that Plaintiff has done. Put another way, based on the facts in Plaintiff's First Amended Complaint, his habeas petition would not have been dismissed as time barred if not for Defendant Figueroa's actions.

V.   **WHETHER PLAINTIFF'S CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS**

Defendant next argues that Plaintiff's claim should be dismissed because it accrued

when Plaintiff's federal habeas petition was dismissed on December 15, 2008. Plaintiff argues in response that the claim did not accrue until Plaintiff received evidence that his petition had in fact been received by the law library, demonstrating the falsity of Defendant Figueroa's statement, which was relied on by the habeas court in dismissing Plaintiff's petition. Defendant Figueroa does not contest that Plaintiff received such evidence contradicting Defendant Figueroa's statement on February 12, 2013, within two years from Plaintiff's filing of this lawsuit. Resolution of this issue thus depends on whether Plaintiff's claim accrues when Plaintiff was injured by dismissal of his petition or when he discovered that Defendant Figueroa allegedly lied about not receiving Plaintiff's petition at the law library.

"[F]ederal law governs when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. Under federal law, the claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. The accrual of a § 1983 claim depends upon the substantive basis of the claim." Cabrera v. City of Huntington Park, 159 F.3d 374, 379–80 (9th Cir. 1998) (internal quotations and citations omitted).

Federal courts apply the "discovery rule" to when a cause of action accrues. The Ninth Circuit has described that rule as follows:

> Because it is inequitable to bar someone who has no idea he has been harmed from seeking redress, the statute of limitations has generally been tolled by the "discovery rule." Under this rule, the statute only begins to run once a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." *United States v. Kubrick,* 444 U.S. 111, 122, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). . . . [T]he discovery rule has been observed as a matter of federal law, *see Kubrick,* 444 U.S. at 120, 100 S.Ct. 352.
>
> There is a twist to the discovery rule: The plaintiff must be diligent in discovering the critical facts. As a result, a plaintiff who did not actually know that his rights were violated will be barred from bringing his claim after the running of the statute of limitations, if he should have known in the exercise of due diligence. *See Herrera–Diaz v. United States,* 845 F.2d 1534, 1537 (9th Cir. 1988). But "what [a plaintiff] knew and when [he] knew it are questions of fact." *Simmons v. United States,* 805 F.2d 1363, 1368 (9th Cir. 1986).

///

Bibeau v. Pacific Northwest Research Foundation Inc., 188 F.3d 1105, 1108 (9th Cir. 1999); opinion amended on denial of reh'g, 208 F.3d 831 (9th Cir. 2000) (footnote omitted).

Here, Plaintiff had knowledge of his injury insofar as he knew that his habeas petition had been dismissed based on the Court's reliance on Defendant Figueroa's statement that the petition had never been received by the library. However, Plaintiff did not know that Defendant Figueroa's statement had been false until 2013.

This Court finds, based on the discovery rule, that Plaintiff's claim accrued when Plaintiff learned that Defendant Figueroa's statement was false, not when the petition was dismissed. The Court's screening order recommending that the claim proceed against Defendant Figueroa rested on the fact that the statement relied on by the federal court had been false. (ECF No. 23, at p. 7) ("[Plaintiff] contends that Defendant Figueora [sic] provided *false* information to the federal court, which ultimately led to the dismissal of his petition as untimely in December 2008.") (emphasis added). The knowledge that Defendant Figueroa allegedly falsified a statement, which was relied on by the Court in dismissing Plaintiff's habeas petition, appears to be a critical element on Plaintiff's claim for denial of access to the courts, and it is doubtful that Plaintiff could have stated a valid claim without such information.

Additionally, Plaintiff has pled facts indicating that he was diligent in attempting to discover the facts surrounding that claim, but was thwarted by the prison's resistance to providing relevant documents.

The Court thus recommends denying Defendant Figueroa's motion to dismiss based on the statute of limitations.[3]

VI. **CONCLUSION**

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant Figueroa's Motion to Dismiss (ECF No. 32) be DENIED.

These Findings and Recommendations will be submitted to the United States District

---

[3] This holding is based solely on construing facts in favor of Plaintiff, which the Court must at this stage in litigation, and is without prejudice to Defendant Figueroa asserting this defense at a later stage of the litigation if Plaintiff's version of events is not borne out by the facts.

Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **thirty (30) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 18, 2017**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE