1

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT

8                      EASTERN DISTRICT OF CALIFORNIA

9

10   SAAHDI ABDUL COLEMAN,                    1:15-cv-00109-AWI-EPG (PC)

11              Plaintiff,                    ORDER ADOPTING FINDINGS AND
                                             RECOMMENDATIONS
12        v.                                  (ECF. NOS. 32 & 38)

13   P. FIGUEROA,

14              Defendant.

15

16        Saahdi Abdul Coleman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

17   *pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now

18   proceeds on Plaintiff's First Amended Complaint, filed on September 11, 2015, against

19   Defendant Figueroa ("Defendant") on a claim for denial of access to the Courts in violation of

20   the First Amendment.  (ECF Nos. 20, 23, & 27).  The matter was referred to a United States

21   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22        On July 18, 2016, Defendant filed a Rule 12(b)(6) motion to dismiss for failure to state

23   a claim. (ECF No. 32).  On September 19, 2016, Plaintiff filed an opposition to the motion.

24   (ECF No. 36).  On September 22, 2016, defendant Figueroa filed a reply.  (ECF No. 37).

25        On January 19, 2017, Magistrate Judge Erica P. Grosjean entered Findings and

26   Recommendations ("F&R"), recommending that Defendant's motion to dismiss be denied.

27   (ECF No. 38).  The parties were provided an opportunity to file objections to the findings and

28

                                           1

recommendations within thirty days.  Defendant objected to the F&R.  (ECF No. 39).  Plaintiff filed a reply.  (ECF No. 40).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the F&R is supported by the record and proper analysis.

In his objections, Defendant claims that Plaintiff has failed to state an access to the courts claim because Defendant personally did not submit a false statement to the habeas court—rather it was Sergeant Morales who relayed Defendant's allegedly false statement to the habeas court, which was relied on in dismissing Plaintiff's habeas petition.

This Court agrees with the Magistrate Judge that Plaintiff's complaint sufficiently pleads a causal connection between Defendant's actions (i.e., losing Plaintiff's habeas petition and then falsely claiming that Plaintiff failed to send it to the law library), and Plaintiff's injury (dismissal of Plaintiff's federal habeas petition as untimely and denial of equitable tolling based on the false statement that Plaintiff contributed to losing his habeas petition), regardless of whether Defendant himself filed a statement with the court or whether another prison officer filed Defendant's statement with the court.  What matters is that the habeas court relied on Defendant's false statement in dismissing Plaintiff's habeas petition.  Plaintiff's First Amended Complaint, which must be taken as true at this stage, alleges "[b]ased on the written and oral statements made by Defendant P. Figueroa . . . , the Court granted the 'motion to dismiss' Plaintiff's petition."  (ECF No. 20, at p. 13).  If true, this allegation, combined with Plaintiff's other allegations, satisfies the elements of an access to the courts claim by pleading that "a nonfrivolous legal claim has been frustrated or was being impeded." Lewis v. Casey, 518 U.S. 343, 353 (1996).

The Court notes that Defendant "requests that this Court issue a clarification regarding the claim on which Plaintiff's lawsuit is proceeding."  (ECF No. 39, p. 2).  This case is proceeding on the claim identified by Magistrate Judge Dennis L. Beck in his findings and recommendations (which this Court adopted), that is, a claim for a violation of Plaintiff's First Amendment right to access to the courts.

Accordingly, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued by the magistrate judge on January 19, 2017, are ADOPTED in full;

2. Defendant Figueroa's motion to dismiss is DENIED; and

3. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   March 21, 2017

_____
SENIOR  DISTRICT  JUDGE